# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 14-336V
Filed: May 19, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| COLETTE YOUNG, as Executor of the | * | Special Master Sanders |
| Estate of JANET MOODY, Deceased, | * | |
| | * | Attorneys' Fees and Costs; |
| Petitioner, | * | Reasonable Amount Requested. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner.
Michael P. Milmoe, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 23, 2014, Colette Young ("Petitioner"), as executor of the estate of Janet Moody (Ms. Moody), deceased, petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that the administration of a Tetanus-Diphtheria-acellular-Pertussis ("Tdap") vaccine administered on

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

April 19, 2011, caused Ms. Moody to develop Guillain-Barre Syndrome ("GBS"). Petition, filed Apr. 23, 2014. On October 12, 2016, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' joint stipulation. Decision, ECF No. 51.

      On April 3, 2017, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $47,240.00 and attorneys' costs in the amount of $4,395.58. *See* Pet'r's Mot. Att'ys' Fees at 1, ECF No. 58. Pursuant to General Order 9, Petitioner stated that she had not personally incurred any expenses during the prosecution of this claim. ECF No. 58-5. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (Apr. 20, 2017), ECF No. 59. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner did not file a reply thereafter.

      The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $51,635.58,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, John R. Howie, Jr., of Howie Law, P.C.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

      **IT IS SO ORDERED.**

                                      s/Herbrina D. Sanders
                                      Herbrina D. Sanders
                                      Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).